**NOT FOR PRINT OR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal Action No. 1:08-cr-88 |
| | § | |
| v. | § | |
| | § | JUDGE RON CLARK |
| CLIFTON J. TRAHAN | § | |

**ORDER DISMISSING COUNT TWO OF SUPERSEDING INDICTMENT**

Defendant Clifton J. Trahan was stopped for traffic violations on May 14, 2008. A search of his vehicle revealed a small amount of codeine, evidently from a pint sized cough syrup bottle, and $112,032.00 in cash.[1] Trahan was subsequently indicted on one count of traveling in interstate commerce with intent to distribute proceeds of an illegal activity, namely the distribution of marijuana, in violation of 18 U.S.C. § 1952. The indictment was based in part on evidence that almost six hundred pounds of marijuana had been present at his house.

At the August 4, 2008 final pre-trial hearing, the parties announced that they were ready to proceed to trial, subject to the court's ruling on Defendant's motion to suppress. The Government subsequently filed a superseding indictment on August 6, 2008, adding a second count for violating Section 1952 on the theory that another illegal activity for which Defendant was traveling in interstate commerce was a conspiracy to distribute codeine.

Since the Government had no good reason for its delay in adding this new charge, and assured the court at the August 11, 2008 suppression hearing it was prepared for trial and able to prove the charge in the original indictment, and because Defendant would be unfairly prejudiced

---

[1] At the suppression hearing Trahan testified he was traveling to Houston, Texas to buy a trailer for an eighteen-wheeler and presented an invoice for the trailer.

whether he proceeded to trial on the new charge or continued to remain in pretrial detention during the time of any continuance, the court will dismiss Count 2 of the Superseding Indictment.

## BACKGROUND

The chronological outline of events set out below is helpful in the review of this matter.

| | |
|---|---|
| May 16, 2008: | Government files a complaint against Trahan, alleging he has committed a violation of 18 U.S.C. § 1952(a)(1) and (a)(3). |
| June 4, 2008 | Defendant was indicted on one count of violating Section 1952.[2] |
| June 12, 2008 | Magistrate Judge Giblin entered a Pre-Trial Order setting the Final Pre-Trial Conference for August 4, 2008 with jury selection and trial to commence the following day. [Doc. # 30]. Judge Giblin also entered a Scheduling Order, which required the Government to permit Defendant's attorney to inspect, photograph and copy evidence against Defendant no later than June 17, 2008. [Doc. # 29]. |
| July 11, 2008 | Defendant files his motion to suppress. [Doc. # 40]. |
| July 17, 2008 | The court mistakenly noticed a suppression hearing for September 3, 2008. The trial date was not continued. |
| July 31, 2008 | Realizing that a suppression hearing after the trial would not be very helpful, the court moved the suppression hearing from September 3 to August 11, 2008. By this time, counsel had also been notified by the court administrator that, because of conflicts, trial would commence on August 18. |

---

[2]Count I charges that on or about May 14, 2008, in the Eastern District of Texas and elsewhere, Clifton J. Trahan, Defendant herein, did knowingly travel in interstate commerce from the State of Louisiana to the State of Texas, with intent to distribute the proceeds of an unlawful activity and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being conspiracy to distribute and possess with the intent to distribute a controlled substance, namely marijuana, in violation of Title 21, United States Code, Section 846, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, all in violation of Title 18, United States Code, Section 1952.

| | |
|---|---|
| August 4, 2008 | Final Pre-Trial Hearing.  The Government announced that it was ready to proceed to trial.  The court confirmed that jury selection would commence on August 18, but that, because of scheduling conflicts, it would be before Judge Heartfield. (No order of transfer was ever entered because the conflict resolved itself). |
| August 6, 2008 | A superseding indictment was returned as to Defendant.  This indictment added Count II, which alleged that Trahan was also involved in a conspiracy to distribute codeine in violation of Section 1952. |
| August 11, 2008 | Defendant filed a motion to dismiss the superseding indictment.  Following the suppression hearing, the court questioned counsel about the motion, heard argument from counsel, and granted the motion. |

**ANALYSIS**

The Fifth Amendment to the Constitution of the United States and Fed. R. Crim. P. 7 require that all felonies be charged by grand jury indictment, unless waived by the Defendant.  The crux of this case is whether, and to what extent, the government is limited in the timing of filing superseding indictments against a defendant held in pre-trial detention.

In *United States v. Rojas-Contreras*, 474 U.S. 231, 236-37, 106 S.Ct. 555, 558 (1985) the Court held that a superseding indictment that merely changed the date of the offense from "on or about December 17, 1981" to "on or about December 7, 1981"did not prejudice the Defendant, even though it was filed only one day prior to trial.  The Court stated that the 30-day trial preparation period of the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), did not require a new 30-day period each time a superseding indictment was filed, and also noted that a district court has the discretion to grant a continuance when necessary to prevent prejudice to a Defendant. *Id.* at 236, 106 S. Ct. at 558.

Where the Government filed a superseding indictment to cure a defect in the original indictment, which had been pointed out by Defendant in a motion to dismiss, the trial court had the discretion to deny Defendant's motion for a continuance. *United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993).

The cases cited above and by the Government analyze the trial court's discretion to grant the Defendant a continuance in the context of the Speedy Trial Act. However, the Act is not the only source of protection for citizens.

This case is unusual in that the Defendant has not asked for a continuance, but rather for dismissal of the new count of the indictment. The Government's position seems to be that the court must accept any superseding indictment it chooses to file, with the court's discretion limited to granting Defendant a continuance. The Sixth Amendment and Fed. R. Crim. P. 48 indicate that the question is not that simple.

The problem in this case is that the Defendant is in pre-trial detention, as strenuously and repeatedly requested by the Government. Every day he is detained is one more day he cannot earn a living, fund and prepare his defense, or be with his family.[3] The power to keep a citizen locked in a cell while functionaries decide, at their leisure, exactly what charges will be brought is the power to control or destroy him. This is the evil sought to be prevented by the Speedy Trial Clause of the Sixth Amendment to the Constitution. *See United States v. MacDonald*, 456 U.S. 1, 8, 102 S. Ct. 1497, 1502 (1982). "The speedy trial guarantee is designed to minimize the

---

[3]Trahan has presented evidence that he took over a short-haul trucking company from his parents and was on his way to purchase a trailer at the time of his arrest. If true, continued pre-trial detention poses the threat of bankruptcy, thus making it more likely he would be willing to enter into a plea agreement that forfeits the $112,032.00 seized by the Government.

possibility of lengthy incarceration prior to trial . . . and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *Id.*

Recognizing the competing interests presented and the "amorphous quality" of the Speedy Trial Clause of the Constitution, the court employs a balancing test. *See Barker v. Wingo*, 407 U.S. 514, 522, 530-532, 92 S. Ct. 2182, 2188, 2192-93.

**Importance of New Count to Government's Case**

Based on the testimony of the officers at the scene, the court concluded that the original stop and search were both lawful, and denied Defendant's motion to suppress. There was no indication at the hearing on the motion to dismiss that evidence to support the original indictment was not in hand. The Assistant United States Attorney assured the court on the record at the hearing that this was not an attempt to rectify an unsupportable indictment, and that he had sufficient evidence to prove the count dealing with an alleged conspiracy to distribute marijuana. In fact, he argued that the new count was really just a part of the original charge and that much of the evidence to support the new count would come in as intrinsic evidence during any trial on the original charge. While one might argue this indicates a lack of prejudice to Defendant, it strongly supports the conclusion that dismissing the new count poses no danger that a person guilty of a serious crime would go free without being tried. *See Wingo,* 407 U.S. at 522, 92 S. Ct. at 2188.

**Reasons for Last Minute Superseding Indictment**

The Government had announced it was ready for trial on August 4, 2008 without any hint that new evidence had been discovered or a new charge need be brought. At the August 11, 2008

hearing on the motions to suppress and dismiss the superceding indictment, the Government gave only vague references to "newly developed information" and "trial preparation" as reasons for filing the new indictment on the eve of trial. When the Government has successfully moved to incarcerate a citizen, and has kept him incarcerated for months, it would seem that a little diligence in trial preparation is the least that is required. At a minimum, one would expect that a logical explanation could be given to justify the addition of a new count and forcing Defendant to choose between trying the case or remaining in detention. This factor supports dismissal.

**Prejudice to Defendant**

     Defendant was originally indicted in connection with a conspiracy involving distribution of marijuana. The record indicates there was evidence that the amount involved was almost six hundred pounds, clearly an amount in excess of what is held for personal possession. The new charge added in the superceding indictment involved codeine. The only evidence the Government has ever provided to the court about codeine involved the small amount, evidently from cough syrup, found in the vehicle Trahan was driving, and the even smaller amount found in his other vehicle, which Trahan was not driving. The driver of that car was released at the scene, without any charges.

     Now, without any indication to the court as to the extent of some other amount of codeine that has been located, the Government seeks at the eleventh hour to add a count that the conspiracy involved distribution of codeine. While the Government assured the court and Defendant that the amount in the vehicles was a sufficient amount to establish intent to distribute, we have an adversarial system of justice. Defendant is justified in arguing that he should be allowed to contest this proposition. Somewhat suspiciously, the Assistant United

States Attorney also offered at the August 11 hearing to allow counsel for Defendant to review his evidence, evidently because he was "not sure" what had been previously provided.  Absent specific notice to Defendant by the Government, all evidence should have been turned over two months earlier, as required by this court's Scheduling Order. [Doc. # 29].

This "hide-the-ball" approach unfairly prejudices Defendant.  At the last minute, he will have to deal with the issue of whether the small quantity of codeine in the vehicle is indicative of distribution, especially in a conspiracy involving over $100,000 (according to the Government's theory).  If evidence of other codeine had been unexpectedly discovered,  the circumstances should have been summarized at the hearing.  The court also questions why was there no showing that the evidence had actually been given to Defendant's attorney as required.  It is not too much to ask that the Defendant be timely and fairly apprised of the charges against him and be allowed a reasonable chance to prepare a defense.  This factor support dismissal of Count 2.

**Length of Delay**

The case could be reset within forty-five to sixty days.  To lawyers and judges, that does not sound like much. However, to a man who must support his family and fund a defense, and who has already been in jail for three months, it is another matter entirely.  Realizing that the court may sound naive, it must be noted that Mr. Trahan is presumed to be innocent.  A jury could conclude that the money in question came from his family business, that he did have a contract to buy a trailer, and was about use the money to purchase a truck to pull it.   Given the lack of any reasonable explanation for the Government's delay, and the admission that no harm would be done to its case, there is no reason to force the Defendant to accept continued incarceration as the price of asserting his right to a fair trial.   Under the limited and unusual

circumstances of this case, including the lack of any reasonable explanation, this delay is too long.

## CONCLUSION

The Government has neatly presented Defendant with a Hobson's choice. He could waive his right to be timely apprised of charges against him and the procedural safeguards of the Scheduling Order, thus giving up any realistic opportunity to seek additional discovery or obtain witnesses on the issue of whether the small amount of cough syrup and fruit juice would be what one would expect in a distribution conspiracy. Alternatively, he could accept the Government's suggestion of a continuance and remain in jail for another forty-five to sixty days, hoping that the Government would not file another superseding indictment just before that trial.

The court is left with the firm conclusion that justice is not being served by the late and unexplained filing of a superseding indictment against a Defendant whom the Government has successfully detained pre-trial. The Government has been woefully deficient in explaining the reasons for the delay in filing this new charge, or in showing even minimal prejudice to its case or to the public should the new count be dismissed.

Evidently, the Government's position is that the court has only the discretion to agree with its attorneys and to rubber-stamp any action they take. That is contrary to the more generally accepted proposition that "the idea of discretion necessarily means that the court has room to decide the issue either way without committing error." *Melton v. Deere & Co.*, 887 F.2d 1241, 1245 (5th Cir. 1989).

It is therefore **ORDERED** that Defendant's motion is granted in part, and Count 2 of the First Superseding Indictment is **DISMISSED** without prejudice. [4]

So **ORDERED** and **SIGNED** this **18** day of **August, 2008.**

_____
Ron Clark, United States District Judge

---

[4] At the hearing the court stated that it would grant the motion to dismiss the superseding indictment. Since Count I of the First Superseding Indictment is the same as Count I of the Original Indictment, there is no reason to dismiss that count.